SECURITY BENEFIT LIFE INSURANCE CO., APPELLEE, *v.* ROBINSON, SUPT., DIVISION OF INSURANCE, APPELLANT.

(No. 5746—Decided November 14, 1957.)

*Messrs. Wright, Harlor, Purpus, Morris & Arnold* and *Mr. Harry Wright, III,* for appellee.

*Mr. William Saxbe,* attorney general, and *Mr. Richard O. Michael,* for appellant.

PETREE, P. J. This cause is on for hearing upon motion of plaintiff, appellee herein, to dismiss the appeal on questions of law and fact and to retain it upon questions of law only.

The case began in the Common Pleas Court on a petition for a declaratory judgment to ascertain whether the amounts received by plaintiff as assessments subsequent to January 2, 1950, upon fraternal benefit certificates issued by plaintiff prior to January 2, 1950, are subject to the two and one-half per cent premium tax of the state of Ohio. The suit is entitled ''Petition for Declaratory Judgment.'' In the prayer plaintiff seeks to enjoin the defendant from taking any proceedings or steps to compel plaintiff to pay any tax under Sections 5729.02 and 5729.03, Revised Code, which sections plaintiff seeks to have construed, along with Section 3921.39, Revised Code, in its declaratory judgment action.

The sole question as to whether this is an appeal on questions of law and fact or one upon questions of law only under Section 2501.02, Revised Code, turns upon the principal, prim-

ary, and paramount relief sought by the pleadings and the issues made thereby. That question is discussed at some length in *Connelly, Trustee,* v. *Balkwill,* 160 Ohio St., 430, 116 N. E. (2d), 701. Paragraph one of the syllabus in that case reads as follows:

"1. Whether an action is legal and, therefore, appealable on questions of law only or equitable and, therefore, appealable on questions of law and fact is determined from the pleadings and the issues made thereby."

From a reading of the pleadings in this case and the issues made thereby, it seems clear to us that the principal, primary, and paramount relief sought was the interpretation of certain statutes of the state of Ohio and a declaration by the court of their meaning, and that the relief of injunction sought in the prayer was only incidental to the main question of law to be decided. Therefore, this is primarily a law case and is not converted into a chancery case by an incidental request for an injunction against the defendant from taking any proceedings or steps to compel the plaintiff to pay the tax in question.

Injunctions, stays of execution, restraining orders, and other incidental remedies are frequently sought to preserve the *status quo* of the parties in law actions and do not change the essential character of such cases.

The motion of the plaintiff, appellee herein, to dismiss the appeal herein on questions of law and fact will be sustained, and defendant, the appellant herein, will be granted 30 days from and after the entry on this motion to perfect its appeal pursuant to the supplement to Rule VII of the Rules of the Courts of Appeals.

*Motion sustained.*

Bryant and Miller, JJ., concur.